UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ANTHONY DUANE CRAIG

VERSUS                                          CIVIL ACTION

DENNIS GRIMES, ET AL                            NUMBER 11-824-BAJ-SCR


**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 5, 2012.

                                    _____
                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY DUANE CRAIG

VERSUS                                              CIVIL ACTION

DENNIS GRIMES, ET AL                                NUMBER 11-824-BAJ-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate currently confined at East Baton Rouge Parish Prison, Scotlandville, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against East Baton Rouge Parish Warden Dennis Grimes, Sheriff Sid Gautreaux and Catahoula Correctional Center Warden Pat Book.  Plaintiff alleged that while he was confined at Catahoula Correctional Center he was subjected to unconstitutional conditions of confinement.

> Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:
> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other  Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989);

*Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### Transfer to Catahoula Correctional Center

Plaintiff alleged that in 2010 he was transferred from East Baton Rouge Parish Prison to Catahoula Correctional Center. Plaintiff alleged that prisoners at Catahoula Correctional Center were not permitted to wear warm clothing under their jumpsuit. Plaintiff alleged that he developed flu-like symptoms and was later diagnosed with pneumonia.

Plaintiff named East Baton Rouge Parish Prison Warden Grimes and East Baton Rouge Parish Sheriff Gautreaux as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

Insofar as the complaint can be read to allege that Warden Grimes and Sheriff Gautreaux violated his constitutional rights by having him transferred to Catahoula Correctional Center, the claim

is without merit.

Inmates have no justifiable expectation that they will be incarcerated in any particular prison within a state. *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741 (1983). Administrative transfers of prisoners to another prison, the conditions of which may be substantially less favorable, do not constitute deprivations of Fourteenth Amendment liberty requiring a due process hearing. *Meachum v. Fano*, 427 U.S. 270, 96 S.Ct. 2532 (1976).

**Failure To Exhaust Administrative Remedies**

Plaintiff alleged that between October 2010 and February 2011, he was subjected to unconstitutional conditions of confinement while housed at Catahoula Correctional Center.

In an action proceeding in forma pauperis under § 1915, this court may consider, sua sponte, affirmative defenses that are apparent from the record even when they have not been addressed or raised by the parties. *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending.

*Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003). A court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

In Part II. of his complaint, the plaintiff conceded that he

did not exhaust available administrative remedies regarding his unconstitutional conditions of confinement claim.

It is apparent on the face of the complaint that the plaintiff failed to exhaust available administrative remedies regarding his unconstitutional conditions of confinement claims before filling this complaint.[1]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 42 U.S.C. § 1997e(a) and 28 U.S.C. § 1915(e)(2)(B)(i).

Baton Rouge, Louisiana, January 5, 2012.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[1] Even assuming the plaintiff exhausted available administrative remedies regarding his unconstitutional conditions of confinement claims at Catahoula Correctional Center, the claims against Catahoula Correctional Center and Warden Pat Book are frivolous. Plaintiff failed to allege any facts against Warden Book or Catahoula Correctional Center. To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Warden Book is responsible for the actions of his subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).